UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIJAH D. DAVIS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No.
6:25-cv-959-JSS-RMN

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court without oral argument on a motion to dismiss (Dkt. 7) filed by the United States Department of Justice. Plaintiff, Elijah D. Davis, filed a response in opposition. Dkt. 12. The Motion is referred to me for the preparation of a report and recommendations. Dkt. 15. Upon consideration, I respectfully recommend that the Court grant the United States' motion,[1] dismiss the complaint without prejudice, and close this case.

---

[1] In the Complaint, Davis asserts a claim under the Federal Tort Claims Act against the United States Department of Justice. The only permissible defendant under that statute, however, is the United States. *See* 28 U.S.C. § 2679(b)(1). For this reason, the Court should

## I.   BACKGROUND

Davis sues the United States for its actions enforcing a lien on real property in Orlando. Dkt. 1-1 at 8.[2] Davis acquired part of his interest in the property from his nephew, Trevino Naki Gray, in 2022. *Id.* As part of that transaction, Gray executed a quitclaim deed, which transferred Gray's interest in the property to Davis. *Id.* The property was sold about two years later. *Id.* at 3–4.

During the sale, it was determined that the United States held a lien against the property. Dkt. 1-1 at 14. The lien arose from a criminal judgment entered against Gray, who was convicted in 2005 of conspiracy to produce, use, and traffic in counterfeit access devices and to knowingly use unauthorized devices, in violation of 18 U.S.C. § 371. *See United States v. Gray*, No. 6:05-cr-33, Dkt. 91 (M.D. Fla. Feb. 9, 2005).[3] Gray was sentenced to a 43-month term of imprisonment and ordered to pay restitution, jointly and severally

---

direct the Clerk to revise the caption of this case to reflect the proper defendant.

[2] When referencing filings in this case, pinpoint citations refer to the PageID number in the cm/ecf header printed on each page.

[3] The Court may take judicial notice of Gray's judgment. *See* Fed. R. Evid. 201(b); *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991).

with his co-Defendants, in the amount of $92,377.55. *Id.* at 277, 280–82.

By letter dated June 3, 2024, an Assistant United States Attorney advised the title company that, to disclaim the United States' interest and lien, $24,688.67 had to be paid and applied to the outstanding restitution in Gray's criminal case. Dkt. 1-1 at 14. This payment was identified in the property settlement statement, which was executed by the sellers of the property, including Davis. *Id.* at 18. The title company paid the amount requested to the Clerk of Court. *Id.* at 13.

Thereafter, in May 2025, Davis submitted a claim under the Federal Tort Claims Act ("FTCA"). Dkt. 1-1 at 6. He claimed the government improperly seized the funds paid by the title company in 2024. *Id.* He filed this lawsuit about a month later. Dkt. 1

The United States moves to dismiss the claims asserted in the complaint. Dkt. 7. The motion is ripe for adjudication.

## II.  LEGAL STANDARDS

A defendant may move to dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## III. ANALYSIS

The FTCA is both a waiver of sovereign immunity and a jurisdictional grant.[4] *See Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015). The statute provides generally that the United States shall be liable, to the same extent as a private party, "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2674.

As with any jurisdictional grant, that which Congress provides, it may take away. *See Zelaya*, 781 F.3d at 1322. And Congress authorized certain exceptions to the FTCA's grant of jurisdiction, which are found in 28 U.S.C. § 2680. There, among other things, Congress removed from the Court's jurisdiction claims "arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." *See* 28 U.S.C. § 2680(c) (emphasis added) (hereafter,

---

[4] Waivers of sovereign immunity are to be strictly construed in favor of the sovereign. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). If there is no specific waiver of sovereign immunity as to a particular type of claim, the Court lacks subject matter jurisdiction over the suit. *See FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994).

the "detention exception"). The statute also provides a narrow carve-out to the detention exception—an exception to the exception—for property that was seized for the purpose of forfeiture. *Id.*

I agree with the government that the detention exception applies here. Davis alleges that an attorney for the government unlawfully obtained funds from the title company when the Orlando property was sold. *See* Dkt. 1 at 6, 8–9, 14–15.[5]

First, though the FTCA does not define the term "detention," the payment made here comfortably fits within the plain meaning of that term. Common dictionaries define detention as "the act or fact of detaining or holding back; especially: a holding in custody" Detention, *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/detention (Apr. 28, 2026). That succinctly describes what Davis alleges occurred here.

Next, the seizure of money falls within the scope of "goods, merchandise, or other property." For example, in *Bah v. United States*, 91 F.4th 116, 120 (3d Cir. 2024), the Third Circuit considered whether a claim concerning funds that were seized by

---

[5] Pinpoint citations to filings in this case refer to the PageID number contained within the cm/ecf header printed on each page.

customs officers fell within the scope of the forfeiture carve-out from the detention exception. The court reasoned that the seized funds were "goods, merchandise, or other property" subject to 28 U.S.C. § 2680(c) and that the claimant satisfied the conditions required by the forfeiture carve-out. *Bah*, 91 F.4th at 120; *see also United States v. $149,345 U.S. Currency*, 747 F.2d 1278, 1283 (9th Cir. 1984) (same).

Lastly, the term "any other law enforcement officer" in 28 U.S.C. § 2680(c) is construed broadly. For instance, in *Schlaebitz v. United States Department of Justice*, 924 F.2d 193, 194 (11th Cir. 1991) (per curiam), the Eleventh Circuit construed the phrase "any other law enforcement officer" to include "officers in other agencies performing their proper duties." *See id.* In its opinion, the court reviewed prior decisions of other circuit courts interpreting 28 U.S.C. § 2680(c) and the phrase "any other law enforcement officer," and concluded that the phrase encompasses officers from other federal agencies performing their proper duties, including United States Marshals. *Id.* at 194–95. The Court held:

> We find the reasoning of the other circuits persuasive. Here there is no contention that the Marshalls [sic] were not acting within their lawful authority. The Tort Claims Act specifically exempts any claim based on the detention of goods by law

enforcement officers in the performance of their lawful duties. We therefore hold that the district court properly dismissed Schlaebitz's claim for lack of subject matter jurisdiction.

*Id.* at 195. Indeed, courts have found a wide range of officials to be "other law enforcement officers" for the purposes of the detention exception to the FTCA. *See, e.g.*, *Bramwell v. United States Bureau of Prisons*, 348 F.3d 804 (9th Cir. 2003) (Federal Bureau of Prisons officers); *Chapa v. United States Dep't of Justice*, 339 F.3d 388, 390 (5th Cir. 2003) (Federal Bureau of Prisons officers); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (Federal Bureau of Prisons officers); *Halverson v. United States*, 972 F.2d 654, 656 (5th Cir. 1992) (Border Patrol agents); *Cheney v. United States*, 972 F.2d 247, 248 (8th Cir. 1992) (drug task force agents); *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1490–91 (10th Cir. 1984) (U.S. Department of Agriculture officials); *United States v. Lockheed L-188 Aircraft*, 656 F.2d 390 (9th Cir. 1979) (Federal Aviation Administration officials).

A few courts have also determined that attorneys employed by United States Attorney's offices also fall within the scope of "other law enforcement officer." For instance, in *Munoz v. Attorney for U.S. Executive Office*, No. 4:03-cv-03, 2006 WL 224613, at *3–5

- 7 -

(M.D. Pa. Aug. 4, 2006), the court dismissed a criminal defendant's tort claim against the United States, at least in part, because the conduct was performed by an attorney for the government acting within the scope of his official duties. As the court reasoned, the phrase "law enforcement officer" in the detention exception applied broadly, and the court found that the attorney, among others, qualified as a law enforcement officer. *Id.* at *2.

So too here. Based on the documents attached to the Complaint,[6] Davis cannot dispute that funds were obtained (or using the term employed by the statute, "detained") by an attorney employed by the United States Attorney's Office who was acting within the scope of her official duties, which includes collecting amounts due under restitution orders issued in criminal cases. *See also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 220 (2008) (reasoning the phrase "any other law enforcement officer" in the detention exception to the FTCA "is most naturally read to mean law enforcement officers of whatever kind").

---

[6] The Court may consider documents attached to a complaint on a motion to dismiss. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).

- 8 -

In sum, like the United States, I conclude that this Court lacks subject-matter jurisdiction over Plaintiff's FTCA claim. And because Davis cannot cure this deficiency, I respectfully recommend the Court dismiss this case without prejudice or leave to amend.[7]

## IV.   RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.     **GRANT** the Defendant's Motion to Dismiss (Dkt. 7);

2.     **DISMISS** the complaint without prejudice; and

3.     **DIRECT** the Clerk of Court to revise the caption to correctly identify the United States as Defendant and close this case.

### Notice to Parties

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of

---

[7] The government attorney is entitled to absolute immunity from suit for damages based on her conduct collecting on the restitution lien, *see, e.g.*, *Butz v. Economou*, 438 U.S. 478, 512 (1976), and so Davis cannot recast his claim in that way.

the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

      **ENTERED** in Orlando, Florida, on June 12, 2026.

                                        _____

                                         ROBERT M. NORWAY
                                       *United States Magistrate Judge*

Copies to:

Hon. Julie S. Sneed

Elijah D. Davis
11 Lemon Street, East
Davenport, Florida 33837

Counsel of Record